**Judith COOPER, et al., Plaintiffs,**

v.

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, et al., Defendants.**

**Civ. A. No. H-86-4475.**

United States District Court, S.D. Texas, Houston Division.

July 13, 1988.

Peter D. Williamson, Houston, Tex., pro se, and for Judith Cooper.

Keith Edward Wyatt, Asst. U.S. Atty., Houston, Tex., for defendants.

## MEMORANDUM ON SUMMARY JUDGMENT

HUGHES, District Judge.

The plaintiffs, Judith Cooper and Peter Williamson, are immigration attorneys, who seek public access to transcribed copies of decisions by immigration judges and an index to those decisions. They have sued the Executive Office for Immigration Review (EOIR) under the Freedom of Information Act, 5 U.S.C. § 552(a)(2). The plaintiffs have also named as defendants immigration hearing officers Robert Brown, Michael Suarez, and Stephanie Marks. The plaintiffs seek a declaration, under 28 U.S.C. § 1331, that the hearing officers' duty obligates them to make their opinions accessible to the public. The parties have both moved for summary judgment. There is no factual dispute over the agency's current practices concerning public access to decisions. The relief sought by the plaintiffs will be granted in part and denied in part.

*Summary Judgment.*.

The party seeking a summary judgment must establish that (1) no genuine dispute exists about any material fact, and (2) the law entitles it to judgment. Fed.R.Civ.P. 56(c); *Thomas v. Harris County,* 784 F.2d 648, 651 (5th Cir.1986). Until the movant has properly supported the motion, no response is required. Once this is done, however, to preclude the rendition of a summary judgment, the nonmovant must present evidence demonstrating specific, contested facts that are material to the issues requiring adjudication. Fed.R.Civ.P. 56(e). For this purpose mere allegations or denials will not be sufficient. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

*Freedom of Information Act.*

Title 5, U.S.C. § 552(a)(2) provides:
Each agency, in accordance with published rules, shall make available for public inspection and copying—(A) final opinions including concurring and dissenting opinions, as well as orders, made in the adjudication of cases....

Each proceeding that is heard by an immigration judge is tape-recorded. Some of these recordings are transcribed by the court, and some are supplemented with written opinions. Case files are centrally located and include the tape recordings of the proceedings. Files may be retrieved from the immigration court by an alien registration number, in much the same way that case files are requested from the United States District Clerk's office by a case number.

The plaintiffs maintain that (a) many decisions that are reduced to writing or transcribed are not available and (b) there is no useful index by which decisions can easily be found. The plaintiffs are not seeking access to records of proceedings that are statutorily exempt from disclosure under the FOIA.

After piercing the parties' mutual belligerence, they appear to be in greater agreement than they are willing to admit. The government has already begun to implement a computerized system that will

enable the public to retrieve case files by an alien's name, obviating number-only retrieval and meeting the request for a useful index. The plaintiffs do not seek a digest of cases, and they have stated their satisfaction with the present plans for a computerized index.

The EOIR also agrees that written opinions should be available to the public. They claim that these opinions are already in the files. "The Freedom of Information Act imposes no independent obligation on agencies to write opinions. It simply requires them to disclose the opinions which they do write." *Renegotiation Board v. Grumman*, 421 U.S. 168, 192, 95 S.Ct. 1491, 1504, 44 L.Ed.2d 57 (1975).

Copies of written opinions, rendered by the hearing officers at Houston's EOIR must be made publicly available in Houston. Copies of tape-recorded proceedings need not be transcribed, but the tapes must be made accessible to the public so that they may be copied and transcribed privately. The court is not concerned with which agency personnel implements this action as long as it is done; therefore, Cooper's motion for a declaratory judgment about the duties of individual hearing officers will be denied.

*Conclusion.*

All written opinions and tape recordings of proceedings before Houston hearing officers at the EOIR (which are not statutorily exempt) will be made available for copying in Houston with an index by the litigants' names.

Cooper and Williamson's motion for a declaratory judgment delineating the official duties of Brown, Suarez, and Marks will be denied.